IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| ABDUL AL-BARI / JOHNNY WHITE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:12-cv-00111 |
| ) | |
| DERRICK SCHOFIELD, ) | CHIEF JUDGE HAYNES |
| DONALD THOMAS, and C/O SLOAN, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM

Plaintiff Abdul Al-Bari, formerly known as Johnny White, filed this *pro se* action under 42 U.S.C. § 1983 against the Defendants: Derrick Schofield, Tennessee Department of Corrections Commissioner, Donald Thomas and Sloan, Corrections Officers. Plaintiff names Thomas and Sloan in their official and individual capacities. Plaintiff also seeks to sue Thomas and Sloan's "unknown insurance provider" as an indispensable party to this suit. (Docket Entry No. 1, at 10).

## A. Analysis of the Complaint

As to Commissioner Schofield, Plaintiff alleges that he was sentenced to 99 years as a Class X felon for a robbery in 1982. According to Plaintiff, under the law in effect at the time of his crime, Plaintiff had to serve 35% of his sentence before he would be eligible for parole. Plaintiff alleges that the sentencing law in effect in 1982, did not provide for sentence credits or any other benefits unless Plaintiff waived the statutory rights under the old law and agreed that

his sentence would be governed by the new law. Plaintiff alleges that the "old law," did not include provisions for alteration of parole eligibility based on violations of prison regulations. Plaintiff avers that he never signed a waiver and that his sentence continues to be governed by the old law in effect, but that his parole eligibility was erroneously postponed from 2012 until 2016 under the "new law." Plaintiff seeks injunctive relief to reschedule his parole eligibility date under Tenn. Code Ann. § 40-35-117(c).

Plaintiff also alleges that on August 16, 2012, Defendant Thomas, a corrections officer at South Central Corrections Facility where Plaintiff is incarcerated, assaulted Plaintiff, punching him repeatedly and pounding his head into the floor long after Plaintiff had stopped struggling or trying to defend himself. Plaintiff alleges that this attack was without provocation beyond Plaintiff's request to speak with a "senior officer." Plaintiff alleges that he required medical attention after this beating. Plaintiff also alleges that on August 20, 2012, Corrections Officer Sloan attacked Plaintiff, without provocation and while Plaintiff was in full restraints, knocking him to the floor and causing visible physical injuries to his body.

### B. Conclusions of Law

Under 28 U.S.C. § 1915(e)(2), the Court must dismiss any portion of a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted or is frivolous. Section 1915A(a) similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the

relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). To survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

Under the Tennessee Criminal Sentencing Reform Act of 1989, "[f]or all persons who committed crimes prior to July 1, 1982, prior law shall apply and remain in full force and effect in every respect, including, but not limited to, sentencing, parole and probation." Tenn. Code Ann. § 40-35-117. Plaintiff alleges that the 1982 statutes on prior law governs the computation of his Release Eligibility Date ("RED"). In his first claim for relief, Plaintiff challenges the Tennessee Department of Correction's practice of applying the Tennessee Criminal Sentencing Reform Act of 1989 to the calculation of his RED has extended his RED by four years.

Plaintiff's allegations amount to an assertion that the State has committed or is committing a violation of constitutional *Ex Post Facto* law.

The Sixth Circuit has held that certain parole-process claims are cognizable under 42 U.S.C. § 1983. *Fraser v. Tenn. Bd. of Paroles*, 238 F.3d 420 (Table), 2000 WL 1800634, at *1 (6th Cir. Nov. 30, 2000) (citations omitted). Here, Plaintiff challenges the State's parole procedures, *i.e.*, the failure to consider him for parole as required by state law. Thus, the Court concludes that Plaintiff's complaint states a proper claim for relief under 42 U.S.C. § 1983 against TDOC Commissioner Derrick Schofield, in his official capacity, for prospective injunctive relief only.

As to Plaintiff's allegations that officers Thomas and Sloan intentionally and maliciously assaulted him on separate occasions without justification, the Eighth Amendment proscribes the unnecessary and wanton infliction of pain against prisoners. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Accepting as true Plaintiff's factual allegations, the Court concludes that Plaintiff states a claim against both Thomas and Sloan, in their individual capacities, for violation of his rights under the Eighth Amendment.

Finally, Plaintiff seeks to sue Thomas and Sloan's "unknown insurance provider" as an indispensable party, but does not list the unknown insurance provider as a defendant either in the case caption or the body of the complaint. Regardless, the insurance company is not a state actor that may be sued for constitutional violations under § 1983.

In sum, the Court concludes that the Plaintiff states colorable claims under 42 U.S.C. § 1983 against Commissioner Schofield, in his official capacity, for prospective injunctive relief only, and against Officers Donald Thomas and f/n/u Sloan, in their individual capacity, for

damages. These claims shall proceed. The remaining claims will be dismissed.

An appropriate Order is filed herewith.

It is so **ORDERED**.

**ENTERED** this the 8th day of May, 2013.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court